**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tia O'Connor and Jose Hilario Sacayon Garcia,
Defendants,

Of whom Tia O'Connor is the Appellant.

In the interest a minor under the age of eighteen.

Appellate Case No. 2021-001360

———————————

Appeal From Laurens County
Matthew P. Turner, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-275
Submitted June 17, 2022 – Filed June 22, 2022

———————————

**AFFIRMED**

———————————

Nancy Carol Fennell, of Irmo, for Appellant.

Ashley P. Case, of Fountain Inn; and Andrew Troy Potter, of Anderson, both for Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W. Meetze, LLC, of Greenville, for the Guardian ad Litem.

**PER CURIAM:** Tia O'Connor (Mother) appeals the family court's final order terminating her rights to her minor child (Child). On appeal, Mother argues the family court erred finding (1) she failed to remedy the conditions that caused Child's removal; (2) she had a diagnosable condition that was not likely to change within a reasonable time and made it it unlikely she could provide minimally acceptable care for Child; (3) Child remained in foster for fifteen of the previous twenty-two months; and (4) termination of parental rights (TPR) was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2021). The grounds must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

First, we find clear and convincing evidence showed a statutory ground for TPR was met when Mother failed to remedy the conditions that caused Child's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). In January 2019, the Department of Social Services (DSS) became involved with Mother after Child was found in a car that contained a half-pound of methamphetamine and other assorted drugs during a traffic stop of an individual not involved in this case. When law enforcement located Mother, they also found methamphetamine in her hotel room, and Mother admitted to using methamphetamine while caring for Child. In June 2019, the family court ordered Mother to complete a placement plan requiring her to, *inter alia*, submit to drug screens, undergo a drug and alcohol assessment and follow resulting recommendations, and complete a subsequent

substance abuse assessment if Mother or Child tested positive for an illegal substance during the course of the case. Mother tested positive for drugs in August 2019 and March 2020, and although she completed treatment services at Gateway Counseling Center in July 2020, she again tested positive for drugs in October 2020.[1] Mother acknowledged during the TPR hearing that she did not complete a substance abuse assessment following her positive drug screen in October 2020. Additionally, the DSS case worker testified Mother refused to attend two requested drug screens in 2021. Therefore, the family court properly found a ground for TPR was met because Mother failed to remedy the conditions that caused Child's removal.

Second, we find clear and convincing evidence showed another ground for TPR was met because Mother had a diagnosable condition that was not likely to change within a reasonable time period and the condition made it unlikely she could provide minimally acceptable care for Child. *See* § 63-7-2570(6)(a) (providing a statutory ground for TPR is met when "the parent has a diagnosable condition unlikely to change within a reasonable time including, but not limited to, addiction to alcohol or illegal drugs or prescription medication abuse; and . . . the condition makes the parent unlikely to provide minimally acceptable care of the child"). As described above, Mother admitted to using methamphetamines while caring for Child, tested positive for drugs on at least three occasions during the case, and even after completing substance abuse treatment, tested positive for drugs and failed to submit to at least one requested drug screen. Thus, the family court properly found a ground for TPR was met because Mother has a diagnosable condition of drug addiction, and her pattern of positive drug screens shows it is not likely her condition will change within a reasonable time.

Third, we find clear and convincing evidence showed a ground for TPR was met because Child was in foster care for fifteen of the most recent twenty-two months. *See* § 63-7-2570(8) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). Child entered foster care March 11, 2019, and

_____

[1] Although Mother argues DSS failed to establish a chain of custody for the October 2020 ten-panel drug screen, at the TPR hearing, Mother testified the drug test administrator informed Mother she tested positive for amphetamines based on an instant drug screen taken at the same time as the ten-panel screen. Thus, we find any error in admitting the ten-panel drug screen is harmless. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 140, 538 S.E.2d 285, 290-91 (Ct. App. 2000) (applying harmless error analysis to cumulative evidence in a TPR case).

remained there until the September 28, 2021 TPR hearing—a period of approximately thirty months.  Mother contends DSS delayed the disposition of her case by taking six months to send a referral for her court-ordered psychological evaluation; however, we note the family court gave Mother three separate three-month extensions to allow her to complete her placement plan, and Mother was unable to complete her plan because she continued to test positive for drugs.  Further, even excepting the six-month period in which Mother was awaiting the referral, Child remained in foster care for a total of twenty-four months—well over the fifteen-month threshold.  Thus, we find clear and convincing evidence proved this ground.

Finally, viewed from Child's perspective, TPR is in her best interest.  At the time of the TPR hearing, Child—who was almost thirteen years old at the time of the hearing—had been out of Mother's home for thirty months, and Mother had still not shown she could maintain a safe, drug-free environment to which Child could return.  Although the Guardian ad Litem (GAL) testified Mother and Child loved each other, she reported Child was becoming "more conflicted" when asked about her wishes.  The GAL also stated Child felt "safe and comfortable" with her foster parents, who wished to adopt her, and the DSS case worker observed that Child was "very attached" to her foster parents.  The GAL and the case worker both recommended TPR.  Thus, based on Mother's failure to demonstrate her ability to remain drug-free and Child's need for permanency, we find TPR is in Child's best interest.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.